# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KHALID MOHAMMAD

    Plaintiff,

v.                                                                                                        No. CIV 17-0319 RB/KBM

ALBUQUERQUE POLICE DEPARTMENT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Albuquerque Police Department's (Non-Suable Entity) Motion to Dismiss Plaintiff's Complaint with Prejudice and Memorandum to Support, filed on March 15, 2017. (Doc. 8.) Plaintiff did not respond to Defendant's motion. Jurisdiction arises under 28 U.S.C. §§ 1441(a) and 1446(a). Having considered the submissions of the parties and relevant law, the Court will **GRANT** the motion as outlined below.

**I.     Procedural and Factual Background**

Mr. Khalid Mohammad (Plaintiff) was arrested by an unidentified police officer with the Albuquerque Police Department (APD) on January 10, 2015. (Doc. 1-A (Compl.) ¶ 5.) It is unclear from Plaintiff's Complaint why he was arrested. The officer seized Plaintiff's personal property, including a television, a shoulder bag that contained a personal computer, cash, a cell phone, and a pair of shoes, and a variety of legal documents. (*Id.* ¶ 6.) The officer booked Plaintiff into the Bernalillo County Metropolitan Detention Center (MDC) on January 10, 2015. (*Id.* ¶ 8.) Plaintiff remained as an inmate at the MDC until his release on April 28, 2015. (*Id.* ¶¶ 8, 11.) Plaintiff alleges that he "exhausted ALL lower level remedies for relief requested in this Complaint." (*Id.* ¶ 12.) Specifically, Plaintiff alleges he "filed a Citizens [sic] Complaint on May 1, 2015, pursuant to section 41-4-16 of the New Mexico Tort Claims Act[,] . . . multiple complaints following the

initial Citizens [sic] Complaint[,]" and a second "Citizens [sic] Complaint on January 17, 2017." (*Id.*) The APD did not respond to any of these complaints. (*Id.*)

Plaintiff filed a "Complaint Pursuant to § 41-13-1 through § 41-13-3 *NMSA* 1978" in the Second Judicial District Court, County of Bernalillo, State of New Mexico, on February 2, 2017. (*See* Compl.) Plaintiff brings claims against the APD pursuant to 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, § 41-4-12. (*Id.* ¶ 14.) APD removed the Complaint to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) on March 8, 2017. (Doc. 1.) APD now moves to dismiss. (Doc. 8.) Plaintiff did not respond to APD's motion.

## II.     Legal Standard

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (quotation omitted). "To survive a motion to dismiss," the complaint does not need to contain "detailed factual allegations," but it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556.)

## III.     Analysis

The APD moves to dismiss Plaintiff's claims on several grounds. First, APD argues that Plaintiff may not bring claims against it under 42 U.S.C. § 1983, because it is not a "person" within

2

the meaning of that statute. (Doc. 8 at 3.) Second, APD argues Plaintiff may not bring claims against it pursuant to the NMTCA, because it is not a separate entity from the City of Albuquerque and thus is not a proper party. (*Id.* at 4.) Third, APD contends Plaintiff failed to provide appropriate written notice of his claims pursuant to N.M. Stat. Ann. § 41-4-16(A), and thus his claims are barred. (*Id.* at 5.) Finally, APD argues Plaintiff's claims pursuant to the NMTCA are time barred, because he did not bring his claims within two years of the date of loss as required by N.M. Stat. Ann. § 41-4-15. (*Id.* at 6.)

      **A.**    **APD is not a person for purposes of claims pursuant to 42 U.S.C. § 1983.**

"The Tenth Circuit has stated that 'police departments . . . are not suable entities under § 1983, because they lack legal [identities] apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D.N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, No. CIV 91-2200, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992) (internal and subsequent citations omitted). "Accordingly, the United States District Court for the District of New Mexico has consistently held that the APD is not a suable entity." *Id.* (citing *Costales v. Schultz*, No. CIV 07-827 MV/ACT, Mem. Op. & Order ¶¶ 4–5, at *3 (D.N.M. Nov. 13, 2009) (Doc. 25); *Maxwell v. City of Albuquerque Police Dep't*, No. CIV 02-0568 LH/LFG, Mem. Op. & Order, at *2 (D.N.M. Dec. 30, 2002) (Doc. 24); *Diaz v. Second Judicial Dist. Court*, No. CIV 00-0700 JC/DJS, Mem. Op. & Order, at *8–9 (D.N.M. Aug. 1, 2001) (Doc. 75)). "Because the APD is merely a department of the City of Albuquerque, it is not a proper party and cannot be held liable for [Plaintiff's] § 1983 claims." *Id.* Consequently, the Court will grant the Motion on this basis and dismiss Plaintiff's claims brought pursuant to § 1983 without prejudice.

### B. Plaintiff may not sue the APD as a separate entity.

"The Police Department is an administrative department of the City of Albuquerque." *Maxwell*, No. CIV 02-0568 LH/LFG, Mem. Op. & Order, at *2 (D.N.M. Dec. 30, 2002) (Doc. 24). "When a police department is an integral part of city government and merely the vehicle through which government fulfills its policing function, it may not be sued as a separate entity." *Id.* (quoting *Flores v. City of Albuquerque Police Dep't*, CIV No. 92-046 LH/LFG, Mem. Op. & Order (D.N.M. May 28, 1993) (Doc. 67) (citing *Martinez v. Winner*, 771 F.2d 424 (10th Cir. 1985), *vacated on other grounds*, 800 F.2d 230 (10th Cir. 1985))). "Because the [APD] is merely a part of the Albuquerque city government, it lacks a legal identity apart from the City, and it is not a proper party." *Id.* Accordingly, the Court will grant the Motion and dismiss Plaintiff's state law claims without prejudice.

### C. Plaintiff has not demonstrated that he gave appropriate written notice pursuant to § 41-4-16(A).

Plaintiff asserts in his Complaint that he filed multiple "Citizens[sic] Complaint[s] . . . pursuant to section 41-4-16 of the New Mexico Tort Claims Act[,]" but "APD did not respond." (Compl. ¶ 12.) Section 41-4-16 provides that

> Every person who claims damages from the state or any local public body under the Tort Claims Act shall cause to be presented to . . . the mayor of the municipality for claims against the municipality, . . . within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act, a written notice stating the time, place and circumstances of the loss or injury.

N.M. Stat. Ann. § 41-4-16(A). Plaintiff does not state that he gave notice to the mayor of the City of Albuquerque. Rather, he merely asserts that he "filed" complaints, but he does not disclose where or with whom he filed the complaints. (Compl. ¶ 12.)

It is possible Plaintiff filed the complaints with someone at the APD, because he asserts that "APD did not respond." (*Id.*) Plaintiff may have intended to give "actual notice" of his claims

4

by filing them with someone at APD. "Actual notice" is a recognized exception to the written notice requirement. *See Lopez v. State*, 930 P.2d 146, 149 (N.M. 1996). To give actual notice, the New Mexico Supreme Court has held that a potential plaintiff must put "the governmental entity allegedly at fault on notice that there is a claim against it, thereby satisfying the statutory purpose to ensure that the agency allegedly at fault is notified that it may be subject to a lawsuit." *Id.* (citations omitted). Plaintiff would need to demonstrate, therefore, that his "Citizens Complaint" served as actual notice to the City of Albuquerque that he was bringing a claim against the City. *See id.* Plaintiff's Complaint does not specify where or to whom he served his "Citizens Complaint." Consequently, Plaintiff fails to demonstrate that his "Citizens Complaint" served as "actual notice" of his claims to the City of Albuquerque. Because Plaintiff has not established that he complied with the statutory requirements of § 41-4-16(A), this Court does not "have jurisdiction to consider" Plaintiff's claim against the City of Albuquerque. N.M.S.A. §41-4-16(B). The Court will grant Defendant's motion on this issue.

**D.      Plaintiff's claims are not time-barred.**

The Court does not agree that Plaintiff's claims are time-barred under N.M. Stat. Ann. § 41-4-15. Section 41-4-15 provides:

> Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death . . . . This subsection applies to all persons regardless of minority or other legal disability.

N.M. Stat. Ann. § 41-4-15(A). The APD contends that the date of injury occurred on January 10, 2015—the date Plaintiff was arrested and incarcerated. Because Plaintiff filed his Complaint on February 2, 2017, the APD argues that his Complaint was filed more than two years after the injury and is thus time-barred. (Doc. 8 at 6.)

Judge Browning examined a similar issue in *Gose v. Board of County Commissioners of County of McKinley*, 727 F. Supp. 2d 1256 (D.N.M. 2010). In *Gose*, the plaintiff was arrested and placed in the McKinley County Detention Center on April 1, 2008, and she was released on April 30, 2008. *Gose*, 727 F. Supp. 2d at 1257. She filed suit in state court "on April 21, 2010, assert[ing] claims of false arrest and false imprisonment under 42 U.S.C. § 1983 and under the NMTCA." *Id.* at 1257–58. The defendants removed the case to federal court and then moved to dismiss the claims "brought under the NMTCA as untimely." *Id.* at 1258 (citation omitted). After a thorough analysis of the law, Judge Browning found "that the New Mexico Supreme Court would likely follow in the footsteps of the *Restatement (Second) of Torts*, which states that the statute of limitations begins to run from the time imprisonment ends . . . ." *Id.* at 1263. Consequently, the court denied the motion to dismiss, as Plaintiff brought her claims within two years from the date her imprisonment ended. *See id.*

Here, Plaintiff was imprisoned at the MDC from January 10, 2015 through April 28, 2015. (Compl. ¶¶ 8, 11.) He filed his Complaint in state court on February 2, 2017, less than two years after he was released from the MDC. (*See id.*) Consequently, the Court finds that Plaintiff filed his Complaint within the statutory period provided in § 41-4-15. Defendant's motion is denied on this issue.

IV. **Conclusion**

While Plaintiff's Complaint was timely filed under N.M. Stat. Ann. § 41-4-15, Plaintiff has failed to establish that he complied with the notice requirements as required by § 41-4-16. Moreover, Plaintiff brought his claims under both 42 U.S.C. § 1983 and the NMTCA against a non-suable entity. Accordingly, the Court grants the APD's Motion to Dismiss and dismisses Plaintiff's Complaint without prejudice.

**THEREFORE,**

**IT IS ORDERED** that Defendant Albuquerque Police Department's (Non-Suable Entity) Motion to Dismiss Plaintiff's Complaint with Prejudice and Memorandum in Support, filed on March 15, 2017, (Doc. 8) is **GRANTED** as outlined in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**